SEYMOUR L. BYINGTON v. O. H. CALL, *et al.*

PRACTICE—*No Error in Overruling Motion.* When a motion is made
to vacate or modify an order twenty days after the order was made,
and no service of such motion was had upon the opposite party, it
is no error to overrule said motion.

*Error from Shawnee Superior Court.*

THE opinion states the case.

*A. H. Mackey*, for plaintiff in error.
*Hazen & Isenhart*, for defendant in error Smith.

Opinion by HOLT, C.: This action was brought by plain-
tiff in error against defendants in error and another. A de-
murrer to plaintiff's petition was interposed, and sustained by
the court. The plaintiff then obtained leave to file separate
petitions against each defendant. After the time given by the
court for filing had expired, by agreement with defendant's
attorneys further time was given plaintiff to file his petitions.
On the 21st day of March, 1885, after the expiration of the
time thus given plaintiff in which to file his petitions, the case
was transferred from the Shawnee district court to the superior
court of Shawnee county, being one of the two hundred cases
thus permitted to be transferred. (Laws of 1885, ch. 120, § 1.)
On the 30th day of April, 1885, H. H. Harris, an attorney at
law, appeared for plaintiff and asked leave of the court to file
separate petitions against each of the defendants above named.
The court granted him leave, when the attorneys for defend-
ant appearing in court suggested that the plaintiff had not
filed the petitions in the time granted by the district court for
filing the same, or within the time afterward extended to him
by the attorneys for the defense, and asked that the plaintiff
be required to pay all costs before the filing of such petitions.
The court intimated the order would be modified, requiring
plaintiff to pay all costs accrued in the case up to that time.

Whereupon the plaintiff's counsel elected to dismiss his action without prejudice, which was done accordingly. Mr. Harris, who appeared for the purpose of filing the petitions, did not prepare or file the original petition, and appeared in the superior court April 30th in this case for the first time, and was the only attorney who appeared for the plaintiff in the district or superior courts. Afterward, upon the 4th day of May, 1885, Legrand Byington, the agent of the plaintiff, appeared, and moved the court to set aside the order dismissing the case, and to retransfer it to the Shawnee district court. One reason given by plaintiff in his motion was, that the dismissal was without the consent or authority of the plaintiff. The court overruled the motion, plaintiff duly excepting, and thirty days were given to prepare a case for the supreme court. On the 18th day of May, 1885, plaintiff filed the following motion, to wit:

"The plaintiff comes and says he is dissatisfied with the ruling of this court as shown by the present record on April 30, 1885, and asks the court to modify said ruling so as to show that the plaintiff was allowed to file separate petitions, as ordered by the district court, on payment of costs; or that the dismissal of the cause for want of such amendment was involuntary on the part of the plaintiff."

And supported his motion by affidavit of Byington, the agent of plaintiff. No notice was given to the defendant of the filing of this motion. This motion was also overruled, and duly excepted to.

Plaintiff claims that the superior court had no jurisdiction, and also alleges error because said superior court refused to reinstate said cause for hearing, as asked in the last motion filed by him.

The first objection named above is met by simply saying, that the record shows that the law giving power to the judge and clerk of the Shawnee district court to transfer cases to the superior court was literally complied with. The judgment of the court dismissing the action was a reasonable one, and the motion to set aside that order upon May 4th was properly overruled. At that time no proof was offered by plaintiff to

support his motion. Plaintiff took exceptions to the ruling of the court, and asked thirty days in which to make a case for the supreme court.

The motion made on the 18th day of May was substantially the same as the one overruled by the court on May 4th. No reasonable notice was given defendants. (Comp. Laws of 1879, ch. 80, § 569.) In fact, no notice at all was given them; therefore no error was made in overruling said motion.

If there had been any error in dismissing plaintiff's action, because he had not paid costs up to the time of asking leave to file his separate petitions, it could not have prejudiced defendants. The dismissal was without prejudice to a future action. He lost nothing; he could have begun his action again in either the district or the superior court of Shawnee county, and his rights could have been equally as well protected in such actions as in this one, after he had filed his separate and amended petitions.

We believe if the plaintiff had employed his attorneys earlier in the progress of this action, he would now be a happier if not a wiser man.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.